# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA

| UNITED STATES OF AMERICA | : | |
| --- | --- | --- |
| | : | |
| v. | : | Criminal No. 11-00151-KD |
| | : | |
| JAMES KENNETH SPENCER, II, | : | |
| DALE GILBERT TANNER, | : | |
| JOHNNY BLAKE CLANTON, | : | |
| CHARLES ANTHENAT, | : | |
| CRYSTLE ANN ENOCHS, and | : | |
| LOUVERNE BLACKLEDGE | : | |

## ORDER

This matter is before the undersigned on the Government's motion for a protective order authorizing the nondisclosure of certain information pursuant to Rule 16(d)(1) of the Federal Rules of Criminal Procedure (Doc. 131). That rule

> permits this court to deny, restrict, or defer pre-trial discovery upon a sufficient showing by a party of the need for such action. Such a showing may be in the form of a written statement to be inspected by the judge alone. If the court enters an order granting relief following such an *ex parte* showing, the "entire text of the party's statement shall be sealed and preserved in the records of the court to be made available to the appellate court in the event of an appeal."

*United States v. Aiken*, 76 F. Supp. 2d 1339, 1342-43 (S.D. Fla. 1999) (quoting FED. R. CRIM. P. 16(d)(1)).

The Government has made a sufficient showing of the need for nondisclosure of the information presented in its motion. The motion for a protective order is therefore **GRANTED**. The parameters of the protective order will be detailed in an order filed *ex parte* and under seal. Further, consistent with Rule 16(d)(1), the Government's motion

and declaration in support thereof (Docs. 131 & 131-1) shall remain **SEALED**.

**DONE and ORDERED** this the 21st day of June, 2011.

s/WILLIAM E. CASSADY
**UNITED STATES MAGISTRATE JUDGE**
