IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| vs. | : | CRIMINAL NO. 11-0151-KD |
| DALE GILBERT TANNER, | : | |
| JOHNNY BLAKE CLANTON, | | |
| JOEL CHARLES ANTHENAT, | : | |
| CRYSTLE ANN ENOCHS, | | |
| LOVERNE BOLLWAGE | : | |
| BLACKLEDGE, THERESA LYNEL | | |
| SPENCER, and RICARDO | : | |
| HERNANDEZ-HERNANDEZ | | |

**ORDER**

This cause came on for a pretrial conference before the undersigned on July 12, 2011 (*see, e.g.,* Docs. 133-134, 136-139 & 141). Prior to the date set for the conference, several of the defendants filed motions seeking additional time to file pretrial motions and to conduct a scheduling conference (Docs. 161, 176 & 178; *see also* Doc. 158 (defendant Blackledge's motion to extend time for filing motions)); defendant Blackledge filed a motion for transcript of preliminary hearing (Doc. 159) and a motion for issuance of subpoenas *duces tecum* (Doc. 160); and defendant Enochs filed a motion to continue the trial of this cause (Doc. 168). During the pretrial conference, all of the hereinabove named defendants, save Blackledge, orally requested continuance of the trial of this cause.

The undersigned now memorializes in this order certain instructions given to

1

counsel regarding the pretrial motions filed to date. On or before **July 19, 2011**, counsel for the defendants and counsel for the Government are to provide this Court with a joint pretrial schedule (Docs. 161, 176 & 178; *see also* Doc. 158), which is to include a joint proposal regarding a reasonable time for completion of discovery and the filing of pretrial motions.[1]

With respect to defendant Blackledge's motion for transcript (Doc. 159), counsel, James M. Scroggins, Esquire, was informed that the motion did not constitute a proper request under the statute. *See* 18 U.S.C. § 3006A(d)(1) ("Attorneys may be reimbursed for expenses reasonably incurred, including the costs of transcripts authorized by the United States magistrate [judge] or the court[.]"). Accordingly, counsel is **EXTENDED** a one-week period of time, to **July 19, 2011**, to make a proper request for a copy of the transcript of the preliminary hearing in this matter. Counsel for Blackledge also filed a motion for issuance of subpoenas *duces tecum* to the Foley Police Department. (Doc. 160.) Assistant United States Attorney Gloria Bedwell indicated to the undersigned that she believed that this matter could be resolved informally based on her request for the same information. Therefore, Mr. Scroggins is to inform the undersigned not later than **July 19, 2011** if this motion has been resolved to his satisfaction. If the issue cannot be resolved, counsel for defendant Blackledge is to brief the issue in order to satisfy the

---

[1] In addition, counsel are to file a joint proposal regarding when this case will be ready for trial.

undersigned that he is entitled to issuance of the requested subpoenas *duces tecum*.[2]

Remaining for the undersigned's consideration is the written motion for continuance of trial filed by defendant Crystle Ann Enochs (Doc. 168) and the oral motions for continuance made by all remaining defendants, save Blackledge, during the pretrial conference. Upon consideration of the grounds presented and the Court's record, the undersigned finds that neither the United States nor any of the defendants will be unduly prejudiced by a continuance of this case for a reasonable period of time to be determined after the parties submit their proposal on **July 19, 2011**; accordingly, the motions for continuance are to be **GRANTED** and the trial will be **CONTINUED** to a criminal trial term to be determined.

The Court further finds, pursuant to 18 U.S.C. § 3161(h)(7)(A), that "the ends of justice served by taking such action outweigh the best interest of the public and the defendant[s] in a speedy trial." The reasoning for this decision is as follows. The defendants are charged in a fairly complex 40-count indictment with numerous violations, including conspiracy to possess with intent to distribute marijuana and

---

[2] Counsel for defendant Blackledge is reminded that Rule 17(c) of the Federal Rules of Criminal Procedure was not intended to provide an additional means of discovery, *Bowman Dairy Co. v. United States*, 341 U.S. 214, 220, 71 S.Ct. 675, 679, 95 L.Ed.2d 879 (1951); *see also United States v. Brooks*, 966 F.2d 1500, 1505 (D.C. Cir. 1992) (a subpoena under 17(c) cannot be used as a discovery tool); *United States v. RW Professional Leasing Services Corp.*, 228 F.R.D. 158, 161 (E.D. N.Y. 2005) ("The purpose of rule 17(c) is not to facilitate discovery, but to enable a party to obtain and inspect evidentiary material prior to trial."); *United States v. Ashley*, 162 F.R.D. 265, 266 (E.D. N.Y. 1995) (recognizing that district courts "'must be careful that rule 17(c) is not turned into a broad discovery device, thereby undercutting the strict limitation of discovery in criminal cases found in Fed.R.Crim.P. 16'"); rather, "[i]ts chief innovation was to expedite . . . trial[s] by providing a time and place before trial for the inspection of the subpoenaed materials." *Bowman Dairy Co.*, 341 U.S. at 220, 71 S.Ct. at 679 (emphasis in original).

using a communications facility, that is a cell phone, to facilitate a drug trafficking crime (*see* Doc. 122) and the Government has already produced voluminous discovery for the defendants' review (*compare* Doc. 161 ("The discovery provided to date is in excess of 1,800 pages of documents and more than 30 hours of Title III wire tapped telephone conversations[.]") *with* Doc. 168 ("This case involves voluminous discovery which will need to be reviewed by counsel in order to prepare for trial.")). Counsel for defendants have not had sufficient time to become familiar with the voluminous and complex discovery materials to enable them to try this case in the August criminal term or determine a reasonable settlement of the charges. Thus, counsel for the defendants remaining in this case, save Blackledge, have proffered valid reasons for the extension of the pretrial preparation period in order to determined a reasonable settlement of the charges or to otherwise prepare for trial. *See* 18 U.S.C. § 3161(h)(7)(B)(iv). Therefore, for the purposes of the Speedy Trial Act, any delay resulting from this continuance is excludable pursuant to 18 U.S.C. § 3161(h)(7)(A) (excluding "[a]ny period of delay resulting from a continuance granted by any judge . . . if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial."). "'[I]n a multi-defendant case, time excluded due to one defendant results in excludable days for his codefendants.'" *United States v. Doe,* 216 Fed.Appx. 874, 877 (11th Cir. Feb. 6, 2007), quoting *United States v. Mejia,* 82 F.3d 1032, 1035 (11th Cir. 1996); *see also United States v. Darby*, 744 F.2d 1508, 1517 (11th Cir. 1984) ("[T]he rule in this Circuit is that the

4

delay caused by one defendant is excludable as to his codefendants.").[3]

All remaining defendants shall file waivers of their Speedy Trial rights not later than **July 27, 2011**.[4] Once the undersigned determines when this cause will be set for trial, the Clerk of Court will be directed to refer this matter to the appropriate Magistrate Judge for scheduling a new pretrial conference.

**DONE** and **ORDERED** this the 13th day of July, 2011.

s/WILLIAM E. CASSADY
**UNITED STATES MAGISTRATE JUDGE**

---

[3] The undersigned is of the opinion that defendant Blackledge would not be entitled to a severance, should she formally ask the district judge for one in writing, due either to the passage of time, *see United States v. Schlei,* 122 F.3d 944, 985 n.15 (11th Cir. 1997) ("In adopting subsection (h)(7), [] Congress specifically determined that the efficiency and economy of multi-defendant criminal trials far outweigh the granting of a severance where the reason was simply the passage of time."), *cert. denied*, 523 U.S. 1077, 118 S.Ct. 1523, 140 L.Ed.2d 674 (1998), or because she is "in custody" at the Home of Grace, *compare United States v. Hassoun,* 2007 WL 1200951, *2 (S.D. Fla. April 15, 2007) ("In *Zafiro* [*v. United States*, 506 U.S. 534, 539, 113 S.Ct. 933, 122 L.Ed.2d 317 (1993)], the Court held that 'a district court should grant severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence.' . . . The fact that a joint trial may cause the defendant to suffer prejudice does not mandate severance, as a certain degree of prejudice is inherent in all multi-defendant trials.") *with United States v. Varella,* 692 F.2d 1352, 1359 & 1360 (11th Cir. 1983) ("Congress stressed that 'the purpose of the provision is to make sure that [the Speedy Trial Act] does not alter the present rules on severance of codefendants by forcing the [g]overnment to prosecute the first defendant separately or to be subject to a speedy trial dismissal motion under section 3162.' . . . The express exclusionary command of § 3161(h)(7) and the congressional guidance gleaned from its legislative history refutes the appellant's contention that the district court abused its discretion in denying his motions for severance. The appellant's statutory right to a speedy trial was not violated by the four-month pretrial delay. . . . 'Inherent in every joint trial is, of necessity, some degree of bias. Only in the event such prejudice appears to be *compelling* does severance become warranted.").

[4] The docket sheet indicates that defendant Enochs has already filed a waiver. (Doc. 174.)